IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02398-ZLW

LYNN E. SCOTT,

    Plaintiff,

v.

ROBERT WALTERS,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 2 2006

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the document titled "Relief From Judgment Pursuant to Rule 60(a) & (b)" filed by Plaintiff Lynn E. Scott on January 27, 2006. Mr. Scott is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon, Colorado, correctional facility. The Court must construe the document liberally because Mr. Scott is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the document will be construed liberally as a motion to reconsider, and the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should

be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The order filed on January 13, 2006, dismissed the complaint and action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The reasons for the dismissal are discussed in detail in the January 13, order. The liberally construed motion to reconsider was filed on January 27, 2006. Plaintiff has filed the liberally construed motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

Upon consideration of the entire file, the Court finds and concludes that Mr. Scott fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss the action. Therefore, the liberally construed motion to reconsider will be denied. Accordingly, it is

ORDERED that the document titled "Relief From Judgment Pursuant to Rule 60(a) & (b)" filed by Plaintiff Lynn E. Scott on January 27, 2006, is construed liberally as

a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this __1__ day of _____Feb._____, 2006.

BY THE COURT:

*/s/ Zita L. Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02398-ZLW

Lynn E. Scott
Prisoner No. 60760
Limon Corr. Facility
49030 State Highway 71
Limon, CO 80826

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/2/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk